**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2348
_____

ELIASAR LOPEZ-AYALA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the Board of Immigration Appeals
(Agency No. A070-885-119)
Immigration Judge:  Ramin Rastegar
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 17, 2020
_____

Before:  CHAGARES, SCIRICA, and ROTH, Circuit Judges.

(Filed: August 11, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Eliasar Lopez-Ayala was ordered deported in absentia twenty-five years ago. He moved to reopen his deportation proceedings in 2019, contending that the immigration court never obtained jurisdiction over him. The Board of Immigration Appeals ("BIA") denied the motion to reopen, after both determining that the deportation proceedings were properly commenced and declining to exercise its discretionary authority to reopen the proceedings sua sponte. Because the BIA did not err in determining that the deportation proceedings were properly commenced, we will deny his petition for review in part. And because we lack jurisdiction to review the BIA's declination to exercise its discretion to reopen sua sponte, we will dismiss his petition in part.

I.

We write for the parties and so recount only the facts necessary to our decision. Lopez-Ayala was ordered removed in absentia by an immigration judge in 1995. In 2019, Lopez-Ayala moved for a third time to reopen his deportation proceedings, contending that because his Order to Show Cause failed to state the date and time of his hearing, he had not received proper notice of the proceedings, and, therefore, the immigration court never acquired jurisdiction over him. In the alternative, he requested that the BIA exercise its sua sponte authority to reopen the proceedings.

After first determining that Lopez-Ayala's motion was number and time-barred, the BIA found that the immigration court had in fact obtained jurisdiction over Lopez-Ayala, because he was personally served with the Order to Show Cause and a subsequent notice with the date, time, and location of the hearing was delivered to his last address of

2

record. On this basis, the BIA concluded that the deportation proceedings had been properly commenced. The BIA also declined to grant reopening sua sponte. This timely appeal followed.

II.[1]

Lopez-Ayala reads the Supreme Court's decision in Pereira v. Sessions, 138 S. Ct. 2105 (2018), to mean that the immigration court never obtained jurisdiction over him. We disagree. In Pereira, the Court held that "[a] notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under [8 U.S.C. §] 1229(a)' and therefore does not trigger the stop-time rule" under that statute. Id. at 2110. We have since held that Pereira does not extend outside that context to challenges to an immigration court's jurisdiction, raised in a motion to reopen or for remand. See Nkomo v. Att'y Gen., 930 F.3d 129, 134 (3d Cir. 2019) (rejecting jurisdictional challenge to completed removal proceedings based on Pereira). We are bound by Nkomo, and Lopez-Ayala provides no substantive argument as to why that case does not control here. For these reasons, we conclude that the BIA did not err in rejecting Lopez-Ayala's challenge to the immigration court's jurisdiction.

---

[1] The BIA had jurisdiction under 8 C.F.R. § 1003.2(a). We have jurisdiction under 8 U.S.C. § 1252(a) to review final orders of removal, and we review the BIA's denial of the motion to reopen for abuse of discretion. Sang Goo Park v. Att'y Gen., 846 F.3d 645, 650 (3d Cir. 2017). Although we conclude that we lack jurisdiction over Lopez-Ayala's challenge to the BIA's decision not to exercise its discretion to reopen sua sponte, we have jurisdiction to determine our own jurisdiction. See Orie v. Dist. Att'y Allegheny Cty., 946 F.3d 187, 190 n.7 (3d Cir. 2019).

3

In the alternative, Lopez-Ayala contends that the BIA abused its discretion by declining to exercise its sua sponte authority to reopen his deportation proceedings. As we have previously held, "orders by the BIA declining to exercise its discretion to reopen sua sponte are functionally unreviewable," with only two exceptions: we may exercise jurisdiction (1) "when the BIA relies on an incorrect legal premise in denying a motion to reopen sua sponte" or (2) where the "agency announces and follows — by rule or by settled course of adjudication — a general policy by which its exercise of discretion will be governed." Sang Goo Park v. Att'y Gen., 846 F.3d 645, 651 (3d Cir. 2017). But Lopez-Ayala identifies neither an incorrect legal premise on which the BIA relied nor a settled course of adjudication from which it has departed in this case.[2] Accordingly, we lack jurisdiction to review this discretionary determination on the BIA's part.

## III.

For the foregoing reasons, we will deny the petition in part and dismiss in part.

---

[2] The BIA order concluded that Lopez-Ayala failed to establish exceptional circumstances making sua sponte reopening appropriate, citing In re G-D-, 22 I. & N. Dec. 1132, 1132 (BIA 1999) for the proposition that in order for a change in the law to qualify as an exceptional situation that merits sua sponte reopening, "the change must be fundamental in nature and not merely an incremental development in the state of the law." According to Lopez-Ayala, the BIA has established a settled course of granting sua sponte reopening where a petitioner would benefit from a fundamental change in the law, and the BIA erred in concluding that Pereira was merely an incremental development. But whether Pereira was a fundamental change or an incremental development, it is far from clear that Lopez-Ayala's case turns on the change in law at all. See Pereira, 138 S. Ct. at 2117 n.9 (contrasting "notice[s] to appear" with "order[s] to show cause" under prior statutory scheme, which unlike notices to appear "did not necessarily include time-and-place information"). And while Lopez-Ayala contends that In re G-D- requires granting sua sponte reopening here, the BIA in that case concluded that exceptional circumstances were not present because "the respondent's case d[id] not manifestly turn on the cited change in the law." 22 I. & N. Dec. at 1135.

4